**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RAFAEL CARON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-198-SDD-RLB** |
| **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.** | **CONSOLIDATED WITH NO. 26-200-SDD-RLB** |

<u>**ORDER**</u>

Before the Court is the Government's Motion to Transfer (R. Doc.6) this consolidated habeas litigation (No. 26-cv-198 and No. 26-cv-200), to the Northern District of Texas. Anticipating this transfer, the Government has also filed a Motion for Partial Relief from the Amended Standing Order (R. Doc. 7), asking to vacate the Government's deadline for both responding to the Petition and submitting the A-File. For the reasons explained below, both Motions are denied.

"For core habeas petitions, jurisdiction lies in only one district: the district of confinement." *J.J.G. v. Trump*, 604 U.S. 670, 672 (2025). But critical here, the district of confinement is determined at the time the petition was filed; subsequent transfers do not divest that court of jurisdiction. *See Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("When Griffin filed his petition, he was incarcerated in a federal prison within the Middle District of Pennsylvania. . . . Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change.") (collecting cases); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction

and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.").

Here, the record indicates that Petitioner was confined at the Louisiana ICE Processing Center in Angola, Louisiana,[1] when both consolidated Petitions were filed on February 25, 2026. (R. Doc. 1).[2] A month later, on March 23, 2026, the Government represents that Petitioner was "transported to Bluebonnet Detention Center for removal scheduled from the United States."[3] (R. Doc. 6 at 2); (R. Doc. 7 at 1) ("transferred from the [MDLA] on March 23, 2026").

But Petitioner's subsequent transfer did not divest this Court of jurisdiction that attached at the time of filing. In addition, the Government has not established that the Northern District of Texas—where Petitioner was transferred—has concurrent jurisdiction over this habeas litigation. *See Moita v. Ripa*, No. 26-1460, 2026 WL 1259572, at *1 (W.D. La. May 7, 2026) (although § 2241 petitioner had been transferred to an ICE facility within WDLA, that court found it lacked jurisdiction and transferred case back to SDFL, where petitioner was detained at the time of filing);

---

[1] The Louisiana ICE Processing Center in Angola, Louisiana is within the Middle District of Louisiana. *See Burnham v. Dep't of Pub. Correction & Safety*, No. 22-2857, 2022 WL 22855696, at *1 (E.D. La. Sept. 21, 2022) (noting "Angola [is] within West Feliciana Parish, Louisiana," which "falls within the geographical boundaries of the United States District Court for the Middle District of Louisiana."); 28 U.S.C. § 98(b) (West Feliciana Parish is in the MDLA).

[2] Petitioner has been in ICE custody since May 23, 2025. On February 25, 2026, this Court received and docketed Petitioner's two habeas Petitions, both of which were mailed by Petitioner from the Louisiana ICE Processing Center in Angola, Louisiana. (No. 26-198, Doc. 1); (No. 26-200, Doc. 1). However, one Petition was signed much earlier than the other—on December 22, 2025—and alleges Petitioner is being held at an ICE detention center in Pine Prairie, Louisiana. (No. 26-198, Doc. 1 at 1, 8). The Court is unsure of the exact dates Petitioner was detained at Pine Prairie. Although the record supports that he was detained at Angola in February 2026, when both Petitions were filed in the Middle District of Louisiana. The Court notes however that if Petitioner was detained at Pine Prairie (in Evangeline Parish) on February 25, 2026, jurisdiction would lie in the Western District of Louisiana. *See* 28 U.S.C. § 98(c) (Evangeline Parish is in the WDLA). Information on Petitioner's transfers between ICE detention centers should be readily available to the Government.

[3] ICE has a practice of frequently transferring detainees between its detention centers located throughout the country. *See*, *e.g.*, *Izadi v. Mullin*, No. 26-1510, 2026 WL 1707253, at *3 (W.D. Tex. June 12, 2026) ("On May 27, she was transferred to a detention facility in Arizona. And on May 28, she was transferred back to a facility in San Diego, the city where she had been arrested twelve days prior. On June 5 or June 7—the record is unclear—Izadi was again sent back to Arizona. And on June 8, she was transferred to Louisiana, where she remains.").

*Iturralde v. Noem*, No. 3:26-332, 2026 WL 1472243, at *1 (N.D. Tex. May 26, 2026) ("And, so, to the extent that Iturralde now seeks a transfer based on the immediate-custodian rule, his argument is misplaced, as that rule applies on the initial filing for habeas relief and should not be reapplied as a basis to transfer a habeas action each time a petitioner may be transferred, as habeas is not a game of hot potato.")

At the time of filing, Petitioner was detained at an ICE facility within the Middle District of Louisiana's geographical boundaries. Jurisdiction therefore lies in this Court and not the Northern District of Texas. *Cepero-Llanes v. Noem*, 26-0476, 2026 WL 1701035, at *1 (W.D. La. June 11, 2026) ("To entertain a § 2241 habeas petition, the district court must, *upon the filing of the petition*, have jurisdiction . . . ."). Therefore,

**IT IS ORDERED** that the Government's Motion to Transfer (Doc. 6) is **DENIED**,

**IT IS ORDERED** that the Government's Motion for Partial Relief from the Amended Standing Order (Doc. 7) is **DENIED**, as this Court has jurisdiction over this habeas litigation, which will proceed, as follows:

- The Government is **ORDERED** to provide Petitioner's current location and contact information to the Federal Public Defender, Petitioner's provisionally appointed counsel, **within 3 days** of this Order. The Government is expected to assist the FPD should the FPD have trouble initially contacting Petitioner.

- The Government is **ORDERED** to **confer** with the FPD and then file a **joint Status Report within 7 days** of this Order. The Status Report must provide the exact **dates** and **locations** of Petitioner's **transfers** while in ICE custody since May 23, 2025, as well as his **current location**. Because the Government indicates Petitioner was transferred to Bluebonnet for "removal scheduled from the United States" (Doc. 6 at 2), the Status Report should **state**

whether Petitioner has been **removed** and **indicate** if any party anticipates filing a **motion to dismiss**, and whether that motion will be opposed.

- The Court **ORDERS** that any **motions to dismiss** be filed **within 14 days** of this Order.

- The Government is **ORDERED** to file the **A-File** and **respond** to the habeas petition **within 14 days** of this Order. Any remaining deadlines will follow the Scheduling Order outlined in the Amended Standing Order.

Signed in Baton Rouge, Louisiana, on July 20, 2026.

 

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**